Leonard DAVE; Bill Giersch; Mary Giersch; Louise Mattson; Stan Crocker; Noreen Crocker; B.J. Kessinger; Hank Dane; Kay Harrigan; Sam Humphries; Bud Tucker, Plaintiffs–Appellants,

v.

RAILS–TO–TRAILS CONSERVANCY, a non-profit District of Columbia Corporation; Cleve Pinnix, Director, Washington State Parks and Recreation Commission, in his individual capacity; Queenie Allado; Robert Petersen; Melvin Wortman, Commissioners, Washington State Parks and Recreation Commission, in their individual capacity, et al., Defendants–Appellees.

No. 94–36071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1995.

Decided March 27, 1996.

Michael E. Haglund, Shay S. Scott, Haglund & Kirtley, Portland, Oregon, for plaintiffs-appellants.

Matthew Cohen, Carole Rafferty, Heller, Ehrman, White & McAuliffe, Seattle, Washington; Joseph Earl Shorin, Assistant Attorney General, Olympia, Washington; Andrea C. Ferster, Washington, D.C., for defendants-appellees.

Before: D.W. NELSON and JOHN T. NOONAN, Jr., Circuit Judges, TANNER, District Judge.*

NOONAN, Circuit Judge:

Leonard Dave and other alleged owners of reversionary interests in railroad easements (the Plaintiffs) brought suit against the Rails–To–Trails Conservancy (RTC) and the director and commissioners of the Washington State Parks and Recreation Commission (the Commission) alleging violation of their civil rights under 42 U.S.C. § 1983 and of the National Trails System Act, 16 U.S.C. § 1247(d). The district court dismissed the action for lack of jurisdiction. We affirm the dismissal.

---

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

## BACKGROUND

The National Trails System Act was enacted in 1983. The history and purpose of the legislation are amply set out in *Preseault v. ICC,* 494 U.S. 1, 5–9, 110 S.Ct. 914, 918–20, 108 L.Ed.2d 1 (1990). The legislation permitted the Interstate Commerce Commission to authorize the use of easements granted by private property owners to railroads to be converted for use as recreational trails without resulting in an abandonment of the right of way by the railroad—a banking of lines available for rail use coupled with a contemporary use of the land for hiking and other recreation. The conversion for the time being of the property to a use other than rail service created the possibility that reversioners of the easements might have a claim for compensation for the taking of their reversionary interest. It has proved to be a teasing and frustrating path for the reversioners, or alleged reversioners, to find a way to establish a claim. The present case is a not implausible but ultimately unsuccessful effort by a group of alleged reversioners to find a way.

## FACTS

For purposes of this appeal, we assume these facts alleged in the complaint to be true:

The Plaintiffs consist of Leonard Dave, a member of the Klickitat tribe who owns historical Indian land; Bill and Mary Giersch, who own the OK Ranch in Glenwood, Washington, which has been operated for over a century as a beef cattle and native grass hay farm; Louise Mattson, owner of the Mattson Ranch on which cattle wheat and alfalfa have been raised since the 1930s; Stan and Noreen Crocker, owners of Canyon Pasture, which is used for the feeding and watering of cattle; B.J. Kessinger, owner of two parcels of land in Klickitat county; Hank Dane and his wife Kay Harrigan, owners of property purchased for privacy; Sam Humphries, owner of grassy meadow wetlands; and Bud Tucker who lives in a rustic cabin without electricity or running water. All these persons own land on which easements have been granted to the Burlington and Northern Railroad (BN) for railroad purposes only.

The Defendants are the RTC, a nonprofit corporation of the District of Columbia, and the director and members of the Commission which is responsible for acquiring and developing the state park system for the State of Washington.

The following facts are undisputed matters of public record:

In 1991 BN petitioned the Interstate Commerce Commission (ICC) for leave to abandon 28 miles of right of way between Klickitat and Goldendale, Washington on grounds that the lines no longer supported commercial freight traffic. The City of Goldendale filed a request for interim trail use and rail banking. On April 3, 1992 the ICC issued a Notice of Interim Trail Use or Abandonment (NITU), declaring that if an agreement was reached for such use 180 days after service of the decision "interim trail use may be implemented." In 1992 BN petitioned the ICC to abandon another 14 miles of the same line. RTC filed a request for interim trail use/rail banking. The ICC issued a NITU authorizing the use.

In August 1993 RTC and BN entered into an agreement by which RTC purchased seven rail corridors in Washington, including 30 miles of the 42 miles covered by the two NITUs. RTC assumed certain liabilities in accordance with this agreement. In April 1994 RTC donated its interests to the Commission.

## PROCEEDINGS

On April 26, 1994 the Plaintiffs brought this action against RTC and the Commission. They allege that their reversionary interests had become possessory when the railroad line was abandoned and that RTC and the Commission violated their right to possess and use the railroad right of way. They also allege that the National Trails System Act, 16 U.S.C. § 1247(d), authorized the interim use of a railroad right of way as a recreational trail where the transferee was "prepared to assume full responsibility for management of such rights–of–way and for any legal liability arising out of such transfer or use." They also assert state claims against RTC of

conversion, trespass and nuisance, alleging total damages of $9,000.

On September 29, 1994 the district court dismissed the action. It held that both of the federal claims sought a review of the NITU orders of the ICC and that the only jurisdiction to review an ICC order lay in a court of appeals. 28 U.S.C. § 2342, Add.24. The district court dismissed the state claims as not meeting the jurisdictional amount required in a diversity action.

The Plaintiffs appeal.

## ANALYSIS

The Plaintiffs' attempt to hold the transferees of the railroad right of way liable for compensation for a taking of their property is a monkey wrench thrown into the intended operation of the Rails–to–Trails Act. It is a monkey wrench that impacts the orders of the ICC granting the NITUs. Although not in form a request for review of an ICC order, the practical effect is to seek such a review. Consequently, the district court lacked jurisdiction. *Assure Competitive Transportation, Inc. v. United States,* 629 F.2d 467, 472 (7th Cir.1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1981). As the district court had no jurisdiction, we have no alternative but to affirm its dismissal. Only the United States Court of Federal Claims has jurisdiction for the takings allegedly effected by the transfer of the railroad easements. *Preseault v. ICC,* 494 U.S. at 17, 110 S.Ct. at 924–25.

The Plaintiffs earnestly contend that the Rails–to–Trails Act, § 1247(d), created a third-party right entitling them to sue the transferees for the compensation allegedly owed them by the United States for taking their property. Since we have no jurisdiction we cannot pass upon this argument except by dictum to say that we would be unconvinced by it if we had jurisdiction and that it is contrary to the ICC's understanding of the statute.

There is no dispute that the state claims did not meet the $50,000 amount required for diversity jurisdiction under 28 U.S. § 1332(a)(1). Since the district court had no jurisdiction over the federal question claims,

it could not exercise jurisdiction over the remaining common law claims and properly declined to do so.

Accordingly, the judgment of dismissal is **AFFIRMED.**